UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JUANA PIMENTEL**, an individual,

Plaintiff,

v.

**CLEAN-MARK GROUP INC.**
a Florida Corporation,

Defendant.

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Clean-Mark Group Inc. were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant Clean-Mark Group's annual gross volume of sales made or business done is not less than $500,000.

11. Defendant Clean-Mark Group Inc. employs more than two persons.

12. Defendant Clean-Mark Group Inc. is and was at all times relevant and incorporated in the State of Florida but, does business throughout the United States and Canada. One of the

locations is in Galesburg, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Juana Pimentel is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

15. Plaintiff worked for Defendants from approximately September 1, 2021, to November 7, 2021.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant Clean-Mark Group Inc. a Florida Corporation whose registered office is located at 4855 Technology Way Suite 640, Boca Raton, Florida 33431.

18. Defendant Clean-Mark Group Inc. is a company that offers, *inter alia,* Commercial Cleaning services that does business in Galesburg Michigan.

19. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

20. Plaintiff worked for Defendants from approximately September 1, 2021, to November 7, 2021.

21. During Plaintiff's Employment she worked 6 hours shifts 7 days a week averaging a 42-hour work week.

22. Plaintiff would work from 6 am - 12:30 pm 76 days a week.

23. Plaintiff was responsible for maintaining the cleanliness of the floor at the Target she was working at.

24. Defendant did not compensate Plaintiff for the whole month of September and the first week in October 2021.

25. The first week of October, Plaintiff worked 7 days but was only compensated for 5 days.

26. Plaintiff was compensated at an hourly rate of $15 an hour.

27. For the week in October, Plaintiff worked 7 days but was only compensated for 5 days.

28. Plaintiff was not compensated at a rate no less than one and one half her regular hourly rate for hours worked over forty (40) in a workweek.

29. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

30. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

31. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

32. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA

33. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

34. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when

Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

35. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

36. Plaintiff requested proper payment for her minimum wages owed and was never properly compensated for such hours.

37. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

38. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

39. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all relevant times to this action, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

41. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

42. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

43. Defendants have failed to pay Plaintiff for all hours worked.

44. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

45. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

46. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

48. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

49. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

50. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

51. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

52. Defendants' violations of the FLSA were knowing and willful.

53. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

54. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT III
### IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY MINIMUM WAGE

55. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

56. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, et seq.

57. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, et seq.

58. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, et seq.

59. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

60. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, et seq.

61. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F. Defendants be ordered to pay all other incidental and consequential damages which are a result of Defendant's breach of contract; and

G. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/  Robert Anthony Alvarez          .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/  Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12-07-22            /s/ Pimentel J.A.
                               Juana Pimentel